IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LLOYD ANTHONY ANDREWS, <br> AIS #244784, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN COURT TRANSPORT, <br> HOUSTON COUNTY, AL, <br> RICKY STOKES, and T.B. SNELL, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 1:07-CV-856-MHT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SPECIAL REPORT AND ANSWER

Comes now defendant, **Houston County, Alabama,** in the above-styled cause and for Answer to plaintiff's Complaint, states as follows:

1. As to Paragraph 1 of plaintiff's Complaint, defendant asserts that at this time it is without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2. As to Paragraph 2 of plaintiff's Complaint, defendant asserts that at this time it is without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3. As to Paragraph 3 of plaintiff's Complaint, defendant denies that the constitutional rights of plaintiff have been violated and demands strict proof thereof.

4. As to Paragraph 4 of plaintiff's Complaint, defendant denies that plaintiff's

constitutional rights have been violated at any time.

5. As to Paragraph 5 of plaintiff's Complaint, defendant denies that plaintiff's Constitutional rights have been violated. Defendant asserts that plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding plaintiff's Complaint and Defendant's response thereto, please refer to the **Affidavit of Mark S. Culver,** Chairman, Houston County Commission, Houston County, Alabama (Exhibit "1").

6. As to Paragraph 6 of plaintiff's Complaint, defendant asserts that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

Should the plaintiff's complaint be construed to claim punitive damages, Plaintiff is not entitled to any award of punitive damages.

### FORTH DEFENSE

Defendant is immune from punitive damages under *42 U.S.C. § 1983.*

## FIFTH DEFENSE

Defendant asserts that cities and counties are absolutely immune from punitive damages under §1983. <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981).

## SIXTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## SEVENTH DEFENSE

There is no causal relation between the acts of the defendant and any injury or damage allegedly suffered by the plaintiff.

## EIGHTH DEFENSE

Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom defendant had no control or right of control.

## NINTH DEFENSE

Defendant affirmatively denies any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

## TENTH DEFENSE

Defendant asserts and pleads the defense of substantive or state law immunity under the law of the State of Alabama.

## ELEVENTH DEFENSE

Defendant asserts and pleads sovereign immunity provided by Alabama Constitution 1901, Article I, §14.

## TWELFTH DEFENSE

Defendant asserts that the allegations within the Complaint are insufficient to invoke the jurisdiction of this Court.

## THIRTEENTH DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

## FOURTEENTH DEFENSE

Defendant pleads and asserts the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338*, which provides absolute immunity to all peace officers and governmental units.

## FIFTEENTH DEFENSE

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a)*. Specifically, plaintiff has filed this lawsuit against Houston County without first presenting his claim to the county commission as required by *Ala. Code § 6-5-20*.

## SIXTEENTH DEFENSE

Defendant asserts that the plaintiff has failed to file an adequate claim against Houston County, Alabama, as required by ALA. CODE §§ 11-12-5 and 11-12-8, as amended, and as such, Plaintiff's state law claims against Houston County, Alabama, as presented in Plaintiff's Complaint, are barred by operation of law.

## SEVENTEENTH DEFENSE

That the plaintiff does not properly plead or otherwise specifically show a physical injury as required by *42 U.S.C. §1997e(e)* which provides that

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

## EIGHTEENTH DEFENSE

That the plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

## NINETEENTH DEFENSE

That, pursuant to *28 U.S.C. §1915(f)*, plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2)*.

## TWENTIETH DEFENSE

Pursuant to *28 U.S.C. §1915A,* this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant that is unrelated to the factual allegations made by the Plaintiff. These same standards are continued and provided for in *42 U.S.C. §1997e(c)*.

## TWENTY-FIRST DEFENSE

Defendant asserts that negligence is insufficient to state a claim. *See* Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

## TWENTY-SECOND DEFENSE

Defendant asserts the affirmative defense of the contributory negligence of plaintiff.

## TWENTY-THIRD DEFENSE

Defendant asserts the truth as a defense in this case.

## TWENTY-FOURTH DEFENSE

Defendant asserts the affirmative defense of waiver which constitutes an avoidance or affirmative defense in this action.

## TWENTY-FIFTH DEFENSE

Defendant denies that he breached a duty or obligation owed to the plaintiff.

## TWENTY-SIXTH DEFENSE

Should the plaintiff's Complaint be construed to claim punitive damages, plaintiff's claims for punitive damages are barred by the provisions of *Ala. Code §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-27*.

## TWENTY-SEVENTH DEFENSE

To the extent that plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory. *See* White v. Birchfield, 582 So.2d 1085 (Ala. 1991); and Hardin v. Hayes, 957 F.2d 845 (11th Cir. 1992).

## TWENTY-EIGHTH DEFENSE

Plaintiff's Complaint does not contain sufficient allegations of an affirmative causal link between the defendant's alleged conduct and the alleged constitutional deprivation. *See* Hardin v.

Hayes, 957 F.2d 845, 848 (11th Cir. 1992); and Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

### TWENTY-NINTH DEFENSE

The plaintiff cannot recover against defendant in this case because Alabama law provides sufficient due process remedies for the allegations made by plaintiff herein and such remedies are constitutionally adequate.

### THIRTIETH DEFENSE

The claims against Houston County are due to be dismissed because the Sheriff and his officers are state officers and are policy makers for the State of Alabama and not Houston County, Alabama. Houston County does not have authority to control the actions of the Sheriff or Chief Corrections Officer and as a result *"can never be liable under §1983 for the acts of those whom the local government has no authority to control...."* Turquitt v. Jefferson County, Alabama, 137 F.3d 1285 (11th Cir. 1998) (en banc).

### THIRTY-FIRST DEFENSE

Houston County asserts that *"a local government can only be liable under §1983 for injuries which the government itself caused. Monell, 436 U.S. at 691, 98 S.Ct. At 2036, and causation necessary implies control."* Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Cir. 1998) (en banc).

### THIRTY-SECOND DEFENSE

Houston County asserts that *"an Alabama Sheriff acts exclusively for the state rather than for the county in operating a county jail."* Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th

Cir. 1998) (en banc).

## THIRTY-THIRD DEFENSE

Houston County asserts that *"Alabama Counties have no duties with respect to the daily operation of the county jails and no authority to dictate how the jails are run."* and that *"[t]he County cannot be liable for the harms that befall jail inmates due to improper operation of the jail or negligent supervision of the inmates because the County has no responsibility in that area."* Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Cir. 1998) (en banc).

## THIRTY-FOURTH DEFENSE

That Houston County asserts and pleads that the claims against Houston County are due to be dismissed as it is entitled to the same absolute immunity from civil liability under §1983 for their legislative activities as has long been accorded to federal, state and regional legislators. Bogan v. Scott-Harris, 523 U. S. 44, 140 L. Ed 2d 79, 118 S. Ct. 966 (1998) which states that,

> *The rationales for according absolute immunity to federal, state and regional legislators apply with equal force to local legislators. Regardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability. See Spallone v. United States, 493 U.S. 265, 279, 107 L. Ed. 2d 644, 110 S. Ct. 625 (1990) (noting, in the context of addressing local legislative action, that "any restriction on a legislator's freedom undermines the 'public good' by interfering with the rights of the people to representation in the democratic process"); see also Kilbourn v. Thompson, 103 U.S. at 201-204 (federal legislators); Tenney, supra, at 377 (state legislators); Lake Country Estates, 440 U.S. at 405 (regional legislators). Furthermore, the time and energy required to defend against a lawsuit are of particular concern at the local level, where the part-time citizen-legislator remains commonplace. See Tenney v. Brandlove, supra, at 377 (citing "the cost and inconvenience and distractions of a trial"). And the threat of liability may significantly deter service in local government, where prestige and pecuniary rewards may pale in comparison to the threat of civil liability. See Harlow v. Fitzgerald, 457 U.S. 800, 816, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982). Id.*

## THIRTY-FIFTH DEFENSE

Defendant Houston County cannot be held liable under *42 U.S.C. § 1983* on a *respondeat superior* theory, nor is the Sheriff of Houston County or one of his deputies a policy maker for purposes of liability pursuant to a custom or policy of the County. *See* McMillian v. Monroe County, 117 S.Ct. 1734, 1739 (1997) and Hereford v. Jefferson County, 586 So.2d 209, 210 (Ala. 1991).

## THIRTY-SIXTH DEFENSE

Houston County is immune from plaintiff's claims for punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985.*

## THIRTY-SEVENTH DEFENSE

Plaintiff cannot recover on any state law claims which are premised upon a *respondeat superior* theory, because Houston County cannot be held liable under a theory of *respondeat superior* for the actions of the Sheriff or any of his officers.

## THIRTY-EIGHTH DEFENSE

Houston County by and through the Houston County Commission has not and does not have authority to establish any policy, procedure, custom or practice for the Houston County Sheriff's office.

## THIRTY-NINTH DEFENSE

Houston County by and through the Houston County Commission has not and does not have authority to set any standards or requirements with regard to or to establish or promulgate work rules or standards for the Houston County Sheriff, his deputies or other employees.

## FORTIETH DEFENSE

Houston County by and through the Houston County Commission does not have any direct control nor can the County instruct the Sheriff, his deputies or employees in the ways and means performing law enforcement duties.

## FORTY-FIRST DEFENSE

Houston County by and through the Houston County Commission does not have any supervisory authority or control over the Houston County Sheriff, his deputies or his employees.

## FORTY-SECOND DEFENSE

Houston County to the extent such suit is interpreted as a suit against Houston County, is immune from punitive damages under state law.

## FORTY-THIRD DEFENSE

The United States Supreme Court in McMillian v. Monroe County, Alabama, 520 US 781, 793, 117 S.Ct. 1734, 1740, 138 L.Ed.2d1 (1997), unequivocally held that *"Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties."* In so holding the Court found as a matter of law that the governing body of counties, the county commission, *"cannot instruct the sheriff how to ferret out crime, how to arrest a criminal, or how to secure evidence of a crime,"* 117 S.Ct. At 1739. The Court went on to find that a *"county commission thus has no direct control over how the sheriff fulfills his law enforcement duty...."* Id.

## FORTY-FOURTH DEFENSE

Houston County cannot be held liable for policies of the Sheriff. To hold Houston County liable for the actions of an independent state officer over whom the County Commission has no

control would have the perverse effect of allowing a form of vicarious liability under *§ 1983* that is even more extreme than the *respondeat superior* theory rejected by the courts.

### FORTY-FIFTH DEFENSE

That by law, Houston County has no authority to provide the injunctive relief sought by plaintiff.

### FORTY-SIXTH DEFENSE

Houston County owes no duty to plaintiff relative to the things and matters alleged in plaintiff's Complaint.

### FORTY-SEVENTH DEFENSE

Houston County was not involved, in any manner, in the alleged acts or omissions of the Sheriff of Houston County or any of his officers as alleged in this lawsuit and there is no allegation in this lawsuit otherwise.

### FORTY-EIGHTH DEFENSE

The Sheriff, his deputies and other officers are state employees and are not treated as an "*employee of the county for purposes of imposing liability on the County.*" Parker v. Amerson, 519 So.2d 442 (Ala. 1987), and King v. Colbert County, 620 So.2d 623, 625 (Ala. 1993).

### FORTY-NINTH DEFENSE

Houston County does not have control over the Sheriff, his deputies or other officers. The Houston County Commission has absolutely no role in the development of policies or procedures for the Houston County Sheriff or his employees.

## FIFTIETH DEFENSE

In the case at bar, there was no Houston County policy or custom that was executed by any employee of Houston County or of the Houston County Sheriff that caused any injury to the plaintiff.

## FIFTY-FIRST DEFENSE

Houston County, as governed by the Houston County Commission, has no power to control the Sheriff's law enforcement policies or procedures in any way and therefore the Sheriff cannot be considered a policy maker for Houston County. *See* McMillian v. Monroe County, _____ U.S. _____, 117 So.Ct. 1734, 1739 (1997).

## FIFTY-SECOND DEFENSE

Defendant asserts that plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requestS this Court pursuant to *42 U.S.C. § 1988* to award defendant reasonable attorneys fees and costs incurred in the defense of this case.

**Defendant respectfully requests this court to treat this Special Report and Answer as Motion for Summary Judgment.**

                                                Respectfully submitted,

                                                SHERRER, JONES & TERRY, P.C.

                                                **s/Gary C. Sherrer**
                                                GARY C. SHERRER, ATTORNEY FOR
                                                HOUSTON COUNTY, ALABAMA
                                                Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama 36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, hereby certify that I have served a copy of the foregoing upon Lloyd Anthony Andrews, #224784, Bay 3, #13-B, Post Office Box 368, Childersburg, Alabama 35044, by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this 5th day of November, 2007.

s/Gary C. Sherrer
OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LLOYD ANTHONY ANDREWS, ) | |
| AIS #244784, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:07-CV-856-MHT |
| ) | |
| SOUTHERN COURT TRANSPORT, ) | |
| HOUSTON COUNTY, AL, ) | |
| RICKY STOKES, and T.B. SNELL, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Mark S. Culver** who is the Chairman of the Houston County Commission, who being by me first duly sworn, deposes and says as follows:

My name is Mark Culver, and I am over the age of nineteen (19) years and a resident of Houston County, Alabama.

I am presently employed by Houston County, Alabama, and serve as the Chairman of the Houston County Commission. I have held the office of Chairman of the Houston County Commission since I was sworn in for said office on Friday, May 9, 1997 and before then, since first

**EXHIBIT 1**

taking office in January 1987, I was the county commissioner representing District 4 of Houston County, Alabama.

As the Chairman of the Houston County Commission, I am aware of the duties and responsibilities of the Houston County Commission and the individual commissioners and have personal knowledge of all County Commission meetings, and any and all legislative policies and decisions made as a result of any such meetings.

The Houston County Commission ("Houston County") has no authority to hire, fire, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail. Likewise, individual commissioners do not have any authority to hire, fire, direct, control, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail.

I know of no instance in which Houston County or its commissioners have ever established or attempted to establish any policy, procedure, custom, or practice for the employees of the Houston County Sheriff's Department or the Houston County Jail. Neither Houston County nor its commissioners have any legal authority to do so. Although Houston County is required by state law to pay the salaries of the Sheriff, his deputies and corrections officers, the authority and payment of said salaries is mandated by the Alabama legislature and minimum salary requirements are stipulated.

Neither Houston County nor its commissioners set standards or requirements for the training and education of the Sheriff, his deputies, corrections officers or jail medical staff. The Sheriff of Houston County, Alabama, has complete authority and control to hire, fire, and define the standards

for and qualifications of each of his deputies, corrections officers, jail medical staff and transport officers without the consent and/or approval of the Houston County Commission or the Individual Commissioners.

Neither Houston County nor its commissioners have actual or legal authority to establish policies and procedures for the Sheriff. Furthermore, neither Houston County nor its commissioners have authority to promulgate work rules for the Houston County Sheriff or his employees, and have no knowledge of the day-to-day operations and activities in which the Sheriff or his jail employees engage, including the transporting of inmates.

The Sheriff, not Houston County or its commissioners, has ultimate control and authority over the inmates in the jail, the transporting of inmates in the jail, the employees of the jail, the jail medical staff (except for medical care or judgment type decisions) and the jail itself. It is my understanding that the Sheriff has the legal custody and charge of the Houston County Jail and all the inmates committed thereto. The Sheriff appoints, directs and controls the deputies and corrections officers who work at the Houston County Jail. Neither Houston County nor its commissioners have authority to hire, fire or manage the Sheriff's employees including but not limited to those who work in the jail and those with which the Sheriff may contract to transfer inmates.

Neither Houston County nor its commissioners perform, nor do they have any duties with respect to, the daily operations of the Houston County Jail and they have no authority to dictate how the jail is run. The Houston County Sheriff is responsible for providing necessities such as constitutionally required medical care, sanitary facilities, clothing, bedding, and drinking water to

the extent of the reasonable overall budget appropriated to the Sheriff by the County Commission and its commissioners in their legislative capacity, in the exercise of their local legislative discretion and as required by law.

Neither Houston County nor its commissioners perform nor do they have any duties with respect to the custody or transporting of prisoners by or at the behest of the Sheriff. The Sheriff, not Houston County nor its commissioners has ultimate control and authority over the transporting of inmates to and from the Houston County Jail.

MARK S. CULVER

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Mark S. Culver**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 5th day of November, 2007.

NOTARY PUBLIC
My Commission Expires: 12-9-2008

MARK S. CULVER - AFFIDAVIT                                                                                             PAGE 4
G:\GCS-AFFIDAVITS\COUNTY\CULVER-Andrews, Lloyd.wpd