IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LLOYD ANOTHONY ANDREWS (AIS# 244784), | * * | |
| Plaintiff, | * * | |
| v. | * * | CIVIL ACTION NO. 1:07cv856-MHT |
| SOUTHERN COURT TRANNSPORT, et al., | * * | |
| Defendants. | * | |

## SPECIAL REPORT OF DEFENDANTS
## SOUTHERN COURT TRANSPORT, RICKY STOKES, AND T.B. SNELL

COME NOW Defendants, Southern Court Transport, Ricky Stokes, and T.B. Snell, and in response to this Court's Order for a Special Report presents that report with regard to this matter:

### I. INTRODUCTION

The Plaintiff Lloyd Andrews (AIS# 244784) is an inmate currently confined at Childersburg Community Work Center located in Childersburg, Alabama. (See Complaint). On September 25, 2007, Andrews filed a Complaint in this matter against multiple Defendants alleging injury from an automobile accident. (See Complaint). The complaint makes no specific allegations as to a violation of any constitutional right. (See Complaint).

Pursuant to this Court's order, these Defendants have undertaken the review of Mr. Andrews' claim and, at this time, hereby submit their Special Report. The report is supported by the affidavits of Ricky Stokes (Exhibit "A") and Thomas Brent Snell (Exhibit "B"). Although Mr. Andrews has failed to allege any specific violation of his constitutional rights, these

evidentiary materials demonstrate that at no point were Mr. Andrews' constitutional rights violated. In addition, this report will show that this court lacks subject matter jurisdiction in this case; and Mr. Andrews' complaint is due to be dismissed because it fails to state a claim upon which relief can be granted.

## II. NARRATIVE SUMMARY OF FACTS

It appears from the Complaint that Mr. Andrews while an inmate at the Houston County Jail, was set to be transferred to Kilby Correctional Facility. (See Complaint). Southern Court Transport was contacted by the Houston County Sherriff's Department regarding the transport of Mr. Andrews and four other inmates. (See Exhibit "A," Stokes Affidavit). Pursuant to the request of the Houston County Sherriff's Department, Southen Court Transport arrived at the Houston County Jail on April 10, 2006 to provide transportation for the inmates to Kilby Correctional Facility.

After the inmates, including Mr. Andrews, were searched and restrained, they were loaded into the transport vehicle. (See Exhibit "B," Snell Affidavit). Southern Court Transport had policies in place at the time in question, requiring each inmate to have his or her own seat with a fully functioning and engaged seat belt. (See Exhibit "A," Stokes Affidavit). Pursuant to established policies, Thomas Brent Snell, the driver of the transport vehicle, made certain that each inmate, including Mr. Andrews, was wearing a seat belt before the vehicle left the Houston County Jail. (See Exhibit "A," Stokes Affidavit)

While in route to Kilby Correctional Facility, the transport vehicle encountered a slow moving car in the left/passing lane of Highway U.S. 231, northbound. (See Exhibit "B," Snell Affidavit). As the transport vehicle attempted to pass the unknown car, it suddenly sped up, blocking the transport vehicle's entry into the left hand lane. (See Exhibit "B,"

2

Snell Affidavit). As the unknown car sped up, it forced the transport vehicle into the adjacent lane, thereby causing a collision with a mini van. (See Exhibit "B," Snell Affidavit). After the accident, the transport vehicle pulled off the right shoulder of the road. (See Exhibit "B," Snell Affidavit). The unknown vehicle that caused the accident, fled the scene. (See Exhibit "B," Snell Affidavit).

When the vehicle came to a stop, Mr. Snell asked the inmates several times if they were injured and in need of any medical attention. (See Exhibit "B," Snell Affidavit). Each inmate indicted that they were not injured and did not need an ambulance. (See Exhibit "B," Snell Affidavit).

Several minutes later, Ricky Stokes arrived on the scene with another vehicle to complete the transport. (See Exhibit "A," Stokes Affidavit). Mr. Stokes again asked the inmates if they were injured or in need of any medical attention. (See Exhibit "A," Stokes Affidavit). Each inmate again indicted that they were not injured and did not need any medical attention. (See Exhibit "A," Stokes Affidavit). The inmates were then loaded into the other transport vehicle, which was driven by Ricky Stokes. (See Exhibit "A," Stokes Affidavit).

While in route to Kilby, Mr. Stokes stopped at the McDonald's Restaurant in Troy, AL to get the inmates breakfast. (See Exhibit "A," Stokes Affidavit). Once again, Mr. Stokes asked the inmates if they were injured or needed to see a doctor. (See Exhibit "A," Stokes Affidavit). Each inmate again indicted that they were not injured and did not need any medical attention. (See Exhibit "A," Stokes Affidavit). After eating breakfast, the transport vehicle continued toward Kilby and arrived without further incident. Each inmate again indicted that they were not injured and did not need any medical attention. (See Exhibit "A," Stokes Affidavit).

At all times during the transport, proper precautions were taken to insure the safety and welfare of the inmates being transported. (See Exhibit "B," Snell Affidavit). Each inmate being transported, including Mr. Andrews, was wearing seat belt at all times while the transport vehicle was in motion. (See Exhibits "A" and "B"). Mr. Andrews was offered medical attention several times after the accident; and each time he declined to be treated. (See Exhibits "A" and "B"). At no time have any of the Defendants deprive Mr. Andrews of any of his constitutional rights. (See Exhibits "A" and "B").

### III. DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Plaintiff has failed to allege any violation of his constitutional rights that would subject this action to the jurisdiction of the federal court under 42 U.S.C § 1983.

2. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

3. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

4. The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

5. The Plaintiff's Complaint, as amended, fails to state a claim against the Defendants for which relief can be granted.

6. The Defendants affirmatively deny any and all alleged claims by the Plaintiff.

7. The Plaintiff is not entitled to any relief requested in the Complaint, as amended.

8. The Defendants plead the defense of qualified immunity and avers that the actions taken by the Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

9. The Defendants are entitled to qualified immunity and it is clear from the face of the Complaint, as amended, that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right.

10. The Defendants cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

11. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

12. The allegations contained in the Plaintiff's Complaint, as amended, against the Defendants sued in their individual capacities, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

13. The Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

14. The Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

15. The Defendants plead the general issue.

16. The Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

17. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

18. The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

19. The Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

20. The Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Houston County Sheriff's Department.

21. The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

22. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against it and that any such award would violate the United States Constitution.

23. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

24. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are entitled to governmental immunity.

25. The Defendants assert that the Plaintiff's Complaint, as amended, is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award Defendants reasonable attorney's fees and costs incurred in the defense of this case.

26. The Defendants avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

27. The Defendants avers that Plaintiff has failed to properly plead and otherwise comply with The Prison Litigation Reform Act, *42 U.S.C. § 1997*.

28. The Defendants incorporate by reference any affirmative defense pled now or later by any other defendant which would be applicable to the claims against this defendant.

29. The Defendants reserve the right to raise different additional defenses as discovery progresses.

## IV. ARGUMENT

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999). A careful review of the facts reveals that Mr. Andrews received appropriate treatment from each and every Defendant. (See Exhibits "A" and "B"). All allegations contained within Mr. Andrews' Complaint are claims for which no relief may be granted. Therefore, Mr. Andrews' claims against these Defendants are due to be dismissed.

The Defendants are, further, entitled to qualified immunity from all claims asserted by Mr. Andrews in this action. There is no argument that the Defendants were not acting within the

scope of their discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). The Defendants were at all times relevant acting as agents of the Houston County Sheriff's Department. (See Exhibits "A" and "B") Because the Defendants have demonstrated that they were acting within the scope of their discretionary authority, the burden shifts to Mr. Andrews to show that the Defendants violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160. The Eleventh Circuit requires that before the Defendants' actions can be said to have violated clearly established constitutional rights, Mr. Andrews must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)). The question that must be asked is whether the state of the law in 2006 gave the Defendants fair warning that their alleged treatment of Mr. Andrews was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Mr. Andrews must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendants to the fact that their practices or policies violated his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law

must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." <u>Lassiter v. Alabama A & M Univ., Bd. of Trustees</u>, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Mr. Andrew's constitutional rights.

## **CONCLUSION**

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. All of the Plaintiff's requests for relief are without merit. The Complaint, as amended, fails to make any specific allegation as to a violation of a constitutional right. Therefore, this Court lacks the subject matter jurisdiction to hear this claim. Accordingly, the Defendants request that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in their favor.

Respectfully submitted,

<u>s/ Stephen P. Dees</u>
F. CHADWICK MORRISS (ASB-8504-S75F)
STEPHEN P. DEES (ASB-6182-T82D)
Attorneys for Southern Court Transport, Ricky Stokes, and T.B. Snell

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 262-6277

Email: fcm@rsjg.com (Morriss)
E-mail: sdees@rsjg.com (Dees)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: **Gary Clayborn Sherrer,** and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Lloyd Andrews AIS# 224784
Bay 3, #13-B
Post Office Box 368
Childersburg, Alabama 35044

                                         *s/ Stephen P. Dees*
                                         Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LLOYD ANOTHONY ANDREWS <br> (AIS# 244784), <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN COURT TRANSPORT, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:07cv856-MHT |

**AFFIDAVIT OF RICKY STOKES**

Before me, _Mary C. Ross_, a notary public in and for said County and State, personally appeared RICKY STOKES and being by me duly sworn deposes and says on oath as follows:

"My name is Ricky Stokes. I am over the age of nineteen years old and am personally familiar with all the facts set forth in this affidavit. I am aware that this Affidavit is being used in conjunction with a lawsuit filed by Lloyd Andrews in the United States District Court for the Middle District of Alabama. At all times relevant to this lawsuit I was the owner and operator of Southern Court Transport. Southern Court Transport was in the business of providing transportation services for various government entities. Specifically, Southern Court Transport would transfer inmates between correctional facilities on behalf of the agencies charged with the inmates' care. The Houston County Sheriff's Department would regularly contact Southern Court Transport to assist them in the transportation of inmates in their care. On April 10, 2006, Southern

EXHIBIT A

Court Transport was transferring five inmates, at the request of the Houston County Sheriff's Department, from the Houston County Jail to the Kilby Correctional Facility.

On April 10, 2006, I was notified by my office that a Southern Court Transport driver had been in an accident on Highway US 231. When I arrived at the scene of the accident I checked on all the inmates and asked if they were injured or in need of medical attention. At no point did any inmate, including Lloyd Andrews, request any kind of medical treatment. I loaded the inmates into my vehicle and continued on toward Kilby. We stopped at the McDonald's Restaurant in Troy, Alabama so that the inmates could eat breakfast. While stopped at McDonald's, I again asked all inmates if they were in need of any medical attention, and again they all declined. We arrived at Kilby Correctional Facility without further incident.

At all times relevant to this lawsuit, Southern Court Transport was acting as an agent for the Houston County Sheriff's department, as it is their duty to facilitate the transport of inmates.

Southern Court Transport, at the time of the accident, had certain procedures and policies in place to insure the safety of the inmates being transported. These policies included that Southern Court Transport drivers obey the all traffic laws and speed limits. It was standard procedure that Southern Court Transport drivers insure that every inmate had a seat with a functioning seatbelt, and that the seatbelt was engaged at all times when the vehicle was in motion."

_____
Ricky Stokes

2

STATE OF ALABAMA       )
                       )
HOUSTON COUNTY         )

Sworn to and subscribed before me on this the  5  day of  Dec. , 2007.

_Mary C Ross_
Notary Public

My Commission Expires: 2-13-09

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LLOYD ANOTHONY ANDREWS  *
(AIS# 244784),                          *
                                        *
        Plaintiff,                      *
                                        *
v.                                      *    CIVIL ACTION NO.
                                        *    1:07cv856-MHT
SOUTHERN COURT TRANSPORT, et al.,   *
                                        *
        Defendants.                     *

## AFFIDAVIT OF THOMAS BRENT SNELL

Before me, JOHN TURNER, a notary public in and for said County and State, personally appeared THOMAS BRENT SNELL and being by me duly sworn deposes and says on oath as follows:

"My name is Thomas Brent Snell. I am over the age of nineteen years old and am personally familiar with all the facts set forth in this affidavit. I am aware that this Affidavit is being used in conjunction with a lawsuit filed by Lloyd Andrews in the United States District Court for the Middle District of Alabama.

On the morning of April 10, 2006, I was acting in the scope of my employment with Southern Court Transport. I was assigned the task of transporting inmates from the Houston County Jail to the Kilby Correctional Facility. Each inmate that was to be transported was thoroughly searched and restrained prior to entering the Southern Court Transport vehicle. Upon entry into the vehicle, I insured that each inmate was placed in a



seat with a functioning seatbelt. Each inmate was then properly belted in to insure their safety during the trip.

While in route to Kilby, I encountered a slow moving vehicle in the left/passing lane of U.S. Highway 231 northbound. As I attempted to pass the unknown vehicle, it suddenly sped up and forced the transport vehicle into the adjacent lane, thereby causing a collision with a mini van. The accident caused the transport vehicle to exit the northbound lane of U.S. Highway 231 onto the right shoulder of the road. The unknown vehicle that caused the accident fled the scene. After the transport vehicle came to a stop on the shoulder, I asked the inmates if they were injured and in need of any medical attention. No inmate, including Lloyd Andrews requested any form of medical attention at that time.

Ricky Stokes, owner of Southern Court Transport, arrived on the scene and again asked the inmates if they were in need of any medical attention. The inmates again indicated that no medical attention was needed. Mr. Stokes then transferred the inmates to another vehicle to complete the transport to Kilby.

At all times during the transport I operated the vehicle in a reasonable manner and in compliance with all traffic laws and speed limits.

_____
Thomas Brent Snell

STATE OF ALABAMA      )
                      )
HOUSTON COUNTY        )

2

Sworn to and subscribed before me on this the ___5___ day of __DEC__, 2007.

JOHN TURNER
Notary Public, State of Alabama
Alabama State At Large
My Commission Expires
December 28, 2010

_____
Notary Public

My Commission Expires: _12-28-2010_

3