IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LLOYD ANTHONY ANDREWS,<br>AIS #244784,<br><br>      Plaintiff,<br><br>v.<br><br>SOUTHERN COURT TRANSPORT,<br>HOUSTON COUNTY, AL,<br>RICKY STOKES, T.B. SNELL, and<br>HOUSTON COUNTY SHERIFF,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.: 1:07-CV-856-MHT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SPECIAL REPORT AND ANSWER

Comes now defendant, **Houston County Sheriff, Andy R. Hughes,** in the above-styled cause and for Answer to plaintiff's Complaint, states as follows:

1. As to Paragraph 1 of plaintiff's Complaint, defendant asserts that at this time he is without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2. As to Paragraph 2 of plaintiff's Complaint, defendant asserts that at this time he is without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3. As to Paragraph 3 of plaintiff's Complaint, defendant denies that the constitutional rights of plaintiff have been violated and demands strict proof thereof.

4. As to Paragraph 4 of plaintiff's Complaint, defendant denies that plaintiff's constitutional rights have been violated at any time.

5. As to Paragraph 5 of plaintiff's Complaint, defendant denies that plaintiff's Constitutional rights have been violated. Defendant asserts that while in the custody of the Houston County Sheriff, plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding plaintiff's Complaint and defendant's response thereto, please refer to the **Affidavit of Andy R. Hughes** (Exhibit "1").

6. As to Paragraph 6 of plaintiff's Complaint, defendant asserts that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

Should the plaintiff's complaint be construed to claim punitive damages, Plaintiff is not entitled to any award of punitive damages should this Complaint be construed to request them.

## FOURTH DEFENSE

Defendant is immune from punitive damages under *42 U.S.C. § 1983*.

## FIFTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## SIXTH DEFENSE

There is no causal relation between the acts of the defendant and any injury or damage allegedly suffered by the plaintiff.

## SEVENTH DEFENSE

Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom defendant had no control or right of control.

## EIGHTH DEFENSE

Defendant affirmatively avers that all of his actions were taken in good faith. Plaintiff cannot recover based upon plaintiff's conclusory, unsupported, bareboned and vague allegations against defendant as they are unsupported by fact or law.

## NINTH DEFENSE

The allegations contained in plaintiff's Complaint against the defendant, sued in his individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

## TENTH DEFENSE

Defendant affirmatively denies any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

## ELEVENTH DEFENSE

Should the plaintiff's Complaint be construed to state claims under Alabama law, all state claims against defendant in his official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

## TWELFTH DEFENSE

All federal claims against defendant in his official capacity are barred by the Eleventh Amendment of the United States Constitution. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed., 2d 67 (1984).

## THIRTEENTH DEFENSE

In addition to defendant's Eleventh Amendment argument, he further contends that he is not "a person" within the meaning of 42 U.S.C. § 1983. The plaintiff, by suing defendant in his official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).

## FOURTEENTH DEFENSE

Defendant asserts the defense of qualified immunity. Further, defendant pleads the privileges, qualified immunities, substantive immunities, state law immunities, absolute immunities,

defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above-styled cause. Defendant stated that any action taken by him was made in good faith and in the performance of his duty as Sheriff, Deputy, Officer or Sheriff Department Employee of Houston County, Alabama.

### FIFTEENTH DEFENSE

Defendant asserts and pleads the defense of substantive or state law immunity under the law of the State of Alabama.

### SIXTEENTH DEFENSE

Defendant asserts and pleads sovereign immunity provided by Alabama Constitution 1901, Article I, §14.

### SEVENTEENTH DEFENSE

Defendant asserts that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

### EIGHTEENTH DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

### NINETEENTH DEFENSE

Defendant pleads and asserts the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338*, which provides absolute immunity to all peace officers and governmental units.

## TWENTIETH DEFENSE

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a)*. Specifically, plaintiff has filed this lawsuit against the Houston County Sheriff without first presenting his claim to the county commission as required by ALA. CODE § 6-5-20 and plaintiff has filed this lawsuit against defendant who is a state officer without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by ALA. CODE § 41-9-60.

## TWENTY-FIRST DEFENSE

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).; Woodford v. Ngo, _____ U.S. _____, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." Ngo, 126 S.Ct. at 2387 (emphasis added).

## TWENTY-SECOND DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from a defendant who is entitled to immunity.

## TWENTY-THIRD DEFENSE

That the plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

## TWENTY-FOURTH DEFENSE

That, pursuant to *28 U.S.C. §1915(f)*, plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2)*.

## TWENTY-FIFTH DEFENSE

Pursuant to *28 U.S.C. §1915A*, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who is a state officer entitled to immunity. These same standards are continued and provided for in *42 U.S.C. §1997e(c)*.

## TWENTY-SIXTH DEFENSE

Defendant asserts that in this action, he is afforded absolute quasi-judicial immunity in both his individual and official capacities, as he is himself integral parts of the judicial process.

## TWENTY-SEVENTH DEFENSE

Defendant asserts that mere negligence is insufficient to state a claim. *See* Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

## TWENTY-EIGHTH DEFENSE

Defendant pleads the affirmative defense that the plaintiff's Complaint does not contain a detailed specification and factual description of the acts and omissions alleged to render defendant liable to the plaintiff as required by ALA. CODE § 6-5-551.

## TWENTY-NINTH DEFENSE

Defendant asserts the affirmative defense of the contributory negligence of plaintiff.

## THIRTIETH DEFENSE

Defendant asserts the affirmative defense of the assumption of the risk by plaintiff.

## THIRTY-FIRST DEFENSE

Defendant asserts the truth as a defense in this case.

## THIRTY-SECOND DEFENSE

Defendant asserts the affirmative defense of waiver which constitutes an avoidance or affirmative defense in this action.

## THIRTY-THIRD DEFENSE

Defendant denies that he breached a duty or obligation owed to the plaintiff.

## THIRTY-FOURTH DEFENSE

Should the plaintiff's Complaint be construed to claim punitive damages, plaintiff's claims for punitive damages are barred by the provisions of ALA. CODE §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-27.

## THIRTY-FIFTH DEFENSE

Defendant is entitled to immunity under state law from any state law claims deemed to be asserted by the plaintiff.  *See* Ex parte Bryan Davis, 930 So. 2d 497 (Ala. 2005), Ex parte Jason Lowell Blankenship, 893 So. 2d 303 (Ala. 2004), Ex parte Rufus L. Haralson, 871 So. 2d 802 (Ala. 2003), Ex parte Timothy L. McWhorter, 880 So. 2d 1116 (Ala. 2003), Ex parte Thomas J. Purvis (re: Ackers v. Mobile County, et al.) 689 So.2d 794 (Ala. 1996) and Alexander v. Hatfield, 652 So.2d 1142 (1994).

## THIRTY-SIXTH DEFENSE

With regard to any state law claims, Defendant asserts absolute state law immunity with regard to all state law claims asserted against him in his official and individual capacities. *See* Ex parte Jason Lowell Blankenship, 893 So.2d 303 (Ala. 2004) (Where the Alabama Supreme Court held that not only should the case involving state law claims have been dismissed by the trial court, but also that the court did not have "subject matter jurisdiction" to do anything but dismiss the case.)

## THIRTY-SEVENTH DEFENSE

To the extent that plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory. *See* White v. Birchfield, 582 So.2d 1085 (Ala. 1991); and Hardin v. Hayes, 957 F.2d 845 (11th Cir. 1992).

## THIRTY-EIGHTH DEFENSE

Plaintiff's Complaint does not contain sufficient allegations of an affirmative causal link between the defendant's alleged conduct and the alleged constitutional deprivation. *See* Hardin v. Hayes, 957 F.2d 845, 848 (11th Cir. 1992); and Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

## THIRTY-NINTH DEFENSE

The Sheriff and Deputy Sheriffs are state officers and are policy makers for the State of Alabama. Under the Alabama Constitution of 1901, sheriffs are specifically designated as *state executive officials*. *Id. § 112* ("The executive department shall consist of a governor, lieutenant governor, attorney general, state auditor, secretary of state, state treasurer, superintendent of

education, commissioner of agriculture and industries, and a sheriff for each county.") "[A]n Alabama Sheriff acts exclusively for the state rather than for the county in operating a county jail." Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Cir. 1998) (en banc).

### FORTIETH DEFENSE

Defendant Hughes, as Sheriff of Houston County, Alabama, is an officer of the State of Alabama and therefore is entitled to sovereign immunity as to plaintiff's state law claims.

### FORTY-FIRST DEFENSE

Defendant asserts that plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. § 1988* to award defendant reasonable attorneys fees and costs incurred in the defense of this case.

**Defendant respectfully requests this court to treat this Special Report and Answer as Motion for Summary Judgment.**

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.


s/Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
HOUSTON COUNTY, ALABAMA
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama 36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, hereby certify that I have served a copy of the foregoing upon Lloyd Anthony Andrews, #224784, Bay 3, #13-B, Post Office Box 368, Childersburg, Alabama 35044, by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this 8th day of January, 2008.

s/Gary C. Sherrer
OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LLOYD ANTHONY ANDREWS, <br> AIS #244784, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN COURT TRANSPORT, <br> HOUSTON COUNTY, AL, <br> RICKY STOKES, T.B. SNELL, and <br> HOUSTON COUNTY SHERIFF <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 1:07-CV-856-MHT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Andy R. Hughes** who is the Sheriff of Houston County, Alabama who being by me first duly sworn, deposes and says as follows:

I am Andy R. Hughes and I am the Sheriff of Houston County, Alabama. My principal duties involve performing the law enforcement duties of a sheriff in the State of Alabama. I have personal knowledge of the facts and information contained herein. I make this affidavit after review of the subject matter of Plaintiff's Complaint and in an attempt to address Plaintiff's claims in this case.

---

ANDY R. HUGHES - AFFIDAVIT                                                                 PAGE 1

**EXHIBIT 1**

With regard to Plaintiff's claims in this lawsuit, I was not personally or directly involved in the transportation of the plaintiff which is made the basis of Plaintiffs' complaint. I was not personally or directly involved in the factual events made the basis of Plaintiffs' complaint.

_____
ANDY R. HUGHES

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Andy R. Hughes**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 8th day of January, 2008.

_____
NOTARY PUBLIC
My Commission Expires: 01-29-2009