IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LLOYD ANTHONY ANDREWS, )
AIS # 244784 )
)
Plaintiff, ) CIVIL ACTION NO.
) 1:07-CV-856-MHT
v. )
)
SOUTHERN COURT TRANSPORT, et al., )
)
Defendants. )

**PETITIONER'S RESPONSE TO SPECIAL REPORT OF DEFENDANTS SOUTHERN COURT TRANSPORT, RICKY STOKES, AND T.B. SNELL**

**COMES NOW** your plantiff Lloyd A. Andrews in response to the special report of the defendants, Southern Court Transport, Ricky Stokes, and T.B. Snell filed on or about December 6, 2007 and shows the following.

1. In response to the defendants narrative summary of facts, as it is stated in paragraph # 2 on page 2 that it is the policy of Southern Court Transport to insure that the occupants that are being transported are wearing a seat belt is an understatement. Even though it is their policy on seat belts, when myself as well as the other inmates were being loaded into the vehicle, at "No" time were we secured by a seat belt or a safety restraint device.

2. In response to the statement made by Thomas Brent Snell in paragraph #3&4 on pages 2&3 in regards to his actions in passing an unknown vehicle and his compliance to obey all traffic laws and rules are not true. Upon leaving Houston County Jail, Mr. Snell was traveling northbound on Highway U.S. 231 at a high rate of speed that exceeded the posted speed limit of 65 mph. by at least 30 miles an hour. As I was seated directly behind Mr. Snell, I was able to look over his shoulder to see the speedometer and it read 95 mph.. That was the constant speed Mr. Snell was traveling at and it was also he that caused the accident and not the unknown car that was traveling in the left / passing lane. When the vehicle came to a stop on the right shoulder of the freeway, Mr. Snell never asked me nor any of the other inmates if we were hurt or if we were in need of medical attention. Mr. Snell paid more attention to his partner who was seated in the passenger seat because he was complaining about how much his leg was hurting.

3. In response to the statement made in paragraph #5 on page 3 about the arrival of Mr. Stokes upon the scene of the accident. Before Mr. Stokes arrived upon the scene of the accident, an Ozark police officer arrived there first and after talking to Mr. Snell he informed him that he was out of his jurisdiction and that he needed to wait for an Alabama State Patrol officer to arrive and assess the details of the accident. This is when Mr. Stokes arrived upon the scene several minutes later and asked if we were okay and asked if we were hurt and in need of medical attention. I stated to him, yes I was hurt and I was in need of medical attention. That's when Mr. Stokes and

Mr. Snell both helped me out of the vehicle and carried me on their shoulders to Mr. Stokes vehicle and placed me in the front seat . After loading the other inmates into Mr. Stokes vehicle, Mr. Stokes left the scene of the accident before the State Police had a chance to arrive at the scene of the accident.

4. In response to the statement made in paragraph # 6 on page 3 about stopping in at McDonald's. While in route to Kilby, Mr. Stokes did stop at McDonald's and buy us breakfast and asked if we were in need of medical attention. I stated to Mr. Stokes that I was in need of medical attention and he said that we were close to Kilby and that we could be seen by the doctor when we arrived at Kilby. Upon our arrival at Kilby, Mr, Stokes never informed the officers that we were just involved in a car accident. When my-
self along with the other inmates that were being processessed at the Kilby facility did in fact receive medical attention when we informed them that we were just in an accident in route to their facility. We were given immediate medical attention and I was also given X-ray's on my lower back and left shoulder.

5. I have been prescribed several different kinds of muscle relaxers and pain medication's and will most likely be on them for the rest of my adult life. Dr. Malcom Hendricks M.D. at the St. Clair Correctional facility has stated to me that I will most likely have problems with my lower back for the rest of my life from the injuries that I substained from the accident. Therefore, I am asking the court not to dismiss this case and to try the said defendants in a court of law. I am asking the court to allow me subpoena any and all witnesses (1) that were involved in this accident also to have the said defendants submitt a copy of the police report that was taken.

---

(1) - The witnesses referred to are the other inmates that were riding in the van at the time of the accident. However, Andrews does not know at which facilities these inmates are currently housed, nor does he have any means of finding out, as it is the policy of the Alabama Departement of Corrections not to allow communication between inmates confined at separate facilities.

**WHEREFORE**, the above being considered, the plaintiff prays that this court will grant the foregoing
request.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of this motion has been served by placing same in the prison mailbox, first class postage prepaid and thusly addressed:

| | |
|---|---|
| Sherrer, Jones & Terry, P.C. | Rushton, Stakely, Johnston & Garrett, P.A. |
| Attorneys at Law | Attorneys at Law |
| 335 West Main Street | 184 Commerce Street |
| Dothan, AL   36301 | Montgomery, Alabama     36101-0270 |

Respectfully Submitted,

*Lloyd N. Andrews*    January 20, 2008
Lloyd Anthony Andrews
AIS # 244784 B-3 13-B
ADOC WR CHILDERSBURG
Childersburg WR / CWC
P.O. Box 368
Childersburg, AL 35044-0368


**SWORN TO AND SUBSCRIBED** before me on this the 20 day of January, 2008.

_____    10-16-2010
Notary Public               My Commission Expires

Lloyd A. Andrews Sr.
#244784  B-3  13-B
P.O. Box 368
Childersburg, Alabama  35044

LEGAL MAIL



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA  36101-0711